IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WANDA VERRET, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:03-cv-1231 MEF |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF MENTAL HEALTH, *et al.*, | ) |
| | ) |
| DEFENDANTS | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Transfer Venue (Doc. # 58) filed by defendant Zerick Pritchett ("Pritchett") on June 18, 2007. The Court has considered the arguments in support of and in opposition to the motion and finds that it is due to be DENIED.

### **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On December 17, 2003, Pritchett removed this case from the Circuit Court of Montgomery County and filed a motion to dismiss the third and fourth amended complaints. On February 24, 2005, Pritchett participated in and joined in the filing of a Report of Parties' Planning Meeting. On March 9, 2005, this Court entered a Uniform Scheduling Order setting the case for trial on April 3, 2006. On December 22, 2005, this Court granted Pritchett's request for a continuance pending the outcome of his criminal trial for the murder of Ronald Corkerin ("Corkerin"), which was based on the same events that are the subject of this suit. The criminal trial resulted in a mistrial, and on January 17, 2007, this Court held

a status conference with both parties. On January 18, 2007, this Court entered a Scheduling Order setting the trial for November 5, 2007. At no time during any of these proceedings did Pritchett raise the issue of changing venue.

## DISCUSSION

The threshold question this Court must answer is whether, as the plaintiff argues, Pritchett has waived the right to request a change of venue under 28 U.S.C. §1404(a). While it is possible for a party to waive an objection to the propriety of the current venue by failing to raise the issue in a timely fashion, this rule does not apply to a motion for a change of venue under § 1404(a). *See Steward v. Up North Plastics, Inc.*, 177 F. Supp. 2d 953, 959 (D. Minn. 2001) ("Courts and commentators have also found that a party's failure to timely object to venue does not preclude a motion to transfer under § 1404."); *Smart v. Goord,* 21 F. Supp. 2d 309, 318 (S.D.N.Y. 1998) ("Waiver of objection to improper venue only pertains to a motion to dismiss or transfer on the basis of improper venue pursuant to 28 U.S.C. § 1406(a), not to a motion to transfer for convenience and the interest of justice pursuant to 28 U.S.C. § 1404(a)."); *Hirsch v. Zavaras*, 920 F. Supp. 148, 150 (D. Colo. 1996) ("[A] party who has waived his objection to venue by failure to assert it at the proper time is not for that reason precluded from moving for a change of venue." (quoting 15 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3844 (1986))). Consequently, this Court holds that Pritchett has not waived the right to move for a change of venue under § 1404(a).

Proceeding to the merits of the motion, a district court is authorized by 28 U.S.C. §

1404(a) to transfer a civil action to any other district in which it might have been brought "for the convenience of parties and witnesses, [and] in the interest of justice." The burden is on the movant to show that the suggested forum is more convenient, and typically the plaintiff's choice of forum is afforded "considerable deference." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The trial court has broad discretion in weighing the conflicting arguments as to venue. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). Moreover, the decision must be an individualized, case-by-case consideration of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Resolution of a § 1404(a) motion involves a two-pronged analysis. First, the court must determine whether the case could originally have been brought in the proposed transferee district court. *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005) (Thompson, J.). Second, the court must determine whether the action should be transferred for the convenience of the parties and in the interest of justice. *Id.* Only where both prongs of the test are satisfied will a § 1404(a) motion be granted.

Both parties agree that the first prong of the test is met in this case; therefore, this Court will proceed directly to the discussion of the second prong of the test.[1] In order to determine whether a transfer to another district is warranted under 1404(a), a court must weigh several factors. These factors include: (1) the convenience of the witnesses; (2) the

---

[1] Analysis of the first prong of the test is also made moot by this Court's resolution of the second prong.

location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).[2]

With respect to the convenience of the witnesses and the availability of process to compel the attendance of unwilling witnesses, Pritchett argues that most of the witnesses who testified at the criminal trial, and therefore would most likely be needed during the trial of this case, currently reside in the Southern District. Out of the twenty-six witnesses identified by Pritchett, twenty-two of them reside in the Southern District. Furthermore, most of these witnesses reside in Clarke, Marengo, or Mobile Counties, which are outside this Court's subpoena power. On the other hand, the plaintiff notes that "several" of her witnesses are current or former Department of Mental Health personnel who reside in Montgomery. It is apparent to the Court that the majority of the witnesses who are likely to testify in this case reside in the Southern District and outside of this Court's subpoena power. However, the federal courthouse in Montgomery (Middle District) is only 169 miles from the federal courthouse in Mobile (Southern District), and Pritchett does not aver that any of these

---

[2]The Court does not address the second, sixth, and seventh factors because they are either not relevant to this particular case, or not significant enough to affect the analysis.

witnesses are unable or unwilling to travel to Montgomery to testify, or that compulsory process will be necessary in this case. Therefore, these factors weigh only slightly in favor of transfer. *See Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006) (holding that the availability of compulsory process in another district does not favor transfer when it is not anticipated that compulsory process will be necessary).

Pritchett also argues that the Southern District is more convenient for the parties, since the dismissal from this case of the Department of Mental Health, Kathy Sawyer, and others, left no remaining parties to this case who reside in the Middle District. Moreover, the two remaining defendants both reside in the Southern District. However, given the proximity between the two districts (169 miles between courthouses), the Court can not give this factor significant weight. *See, e.g.*, *Bay County Democratic Party v. Land*, 340 F. Supp. 2d 802, 809 (E.D. Mich. 2004) (finding the convenience of the parties not affected by a distance between venues of approximately 100 miles).

The locus of operative facts for this case is the Southern District where the death of Corkerin occurred and where Pritchett was tried (unsuccessfully) for his murder. While this factor does tilt in favor of transfer, its weight is minimized by the negligible distance at stake, *see id.*, and the timeliness of having this case tried as discussed below.

Pritchett further argues that, because the plaintiff resides in the Northern District, and the death of Corkerin occurred in the Southern District, the plaintiff's choice of forum in the Middle District should not receive the weight normally afforded. It is true that where the

5

forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult for the defendant to meet the burden of showing sufficient inconvenience to warrant transfer. *See Patel v. Howard Johnson Franchise Sys., Inc.*, 928 F. Supp. 1099, 1101 (M.D. Ala. 1996) (De Ment, J.). However, the burden is still on the movant to show that the Southern District would be a more convenient forum and that a transfer would be in the interest of justice.

The final factor, trial efficiency and the interest of justice, weighs heavily against transfer to the Southern District, and ultimately leads this Court to deny the transfer. This case has already been delayed significantly due to the fact that it was continued pending the outcome of the criminal case against Pritchett. One of the primary justifications for transfer asserted by Pritchett is the fact that all of the defendants who reside in the Middle District have been dismissed; however, the last such defendant was dismissed by this Court on March 9, 2005, more than two years before Pritchett filed this motion. Moreover, Pritchett did not raise the issue of venue at the January 17, 2007 scheduling conference. Rather, he waited more than five months before filing the motion to transfer on June 18, 2007—just 140 days before trial on November 5, 2007. Were this court to grant the motion to transfer, the November 5 trial date would be lost, which would result in further delay of a case that is already more than three and a half years old.[3] Under these circumstances, this Court can not

---

[3] In several unpublished decisions, other courts have reached similar conclusions when faced with a motion to transfer filed shortly before trial. *See Jupiter v. Enviromental Safety & Health Consulting Servs., Inc.*, No. 05cv652, 2006 WL 1751787, at *3 (S.D. Tex. June 22, 2006)

say that transfer would be in the interest of justice.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Zerick Pritchett's Motion to Transfer Venue (Doc. # 58) is DENIED.

DONE this the 6th day of September, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

(less than 90 days before trial); *Virgin Enters. Ltd. v. Am. Longevity*, No. 99cv9854, 2001 WL 34142402, at *12 (S.D.N.Y. Mar. 1, 2001) (52 days before trial).