IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WANDA VERRET, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:03-cv-1231 MEF |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF MENTAL HEALTH, *et al.*, | ) |
| | ) |
| DEFENDANTS | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

The defendants have argued that the plaintiff's claims against them are governed by the provisions of the Alabama Medical Liability Act (or "AMLA"). The AMLA would require the plaintiff to provide expert testimony to establish the standard of care that the defendants were required to meet in order to establish a breach of that level of care.[1] The AMLA would also require the plaintiff to prove her case with "substantial evidence" rather than by a "preponderance of the evidence."[2] The plaintiff's position is that the AMLA does not apply, and that, even if it does, this case falls under a well-established exception to the expert testimony requirement "in a case where want of skill or lack of care is so apparent . . . as to be understood by a layman, and requires only common knowledge and experience

---

[1]    *Ex parte HealthSouth Corp.*, 851 So. 2d 33, 38 (Ala. 2002).

[2]    *See* Ala. Code § 6-5-549.

to understand it."[3]

The Supreme Court of Alabama held in *Ex parte Alabama Department of Mental Health & Mental Retardation*, 723 So. 2d 11, 13 (Ala. 1998), that the AMLA does not apply to mental health facilities because they are not "health care providers" within the definition of the Act. The Supreme Court of Alabama upheld that decision in *Ex parte Sawyer*, 892 So. 2d 898, 902 (Ala. 2004). In *Sawyer*, the court noted that in 2001, the Alabama State Legislature amended the definition of "hospitals" in § 22-21-20—after the *Ex parte Alabama Department of Mental Health* decision. The amendment added to the definition of hospitals "assisted living facilities, and specialty care assisted living facilities rising to the level of intermediate care."[4] The *Sawyer* Court noted that the definition of hospital under § 22-21-20 is incorporated by reference into the definition of hospital in the AMLA by § 6-5-481(7).[5] The court noted that the amendment to § 22-21-20 could have an effect on the applicability of the AMLA to mental health facilities, however, the court reserved ruling on that issue because the effective date of the amendment was March 1, 2002—after the events that gave rise to the cause of action in that case.[6] Accordingly, the court held that the mental health facility did not qualify as a "health care provider" under § 6-5-542(1), because it did not meet

---

[3]   *Ex parte HealthSouth Corp.*, 851 So. 2d at 38.

[4]   Ala. Code § 22-21-20.

[5]   *See Ex parte Sawyer*, 892 So. 2d at 901 n.5.

[6]   *See id.*

2

the definition of "hospital" under the pre-amended version of § 22-21-20.[7]

Because Ronald Corkerin died in November of 2001, this cause of action arose prior to the effective date of the amendment to § 22-21-20. Therefore, this Court must apply the pre-amended definition of "hospital" that does not include mental health facilities. It is undisputed in this case that Rhonda Waters and Zerick Pritchett can only qualify as "health care providers" under the AMLA if they meet the definition of "other health care providers" in § 6-5-481(8). Under that provision, the term "other health care provider" means, in relevant part, "any person *employed by* physicians, dentists, or hospitals who are directly involved in the delivery of health care services."[8] Because the Thomasville Mental Health Rehabilitation Center does not qualify as a "hospital," the fact that Ms. Waters and Mr. Pritchett were employees of Thomasville does not qualify them as "other health care providers" under the AMLA.

The defendants argue that they can nevertheless qualify as an "other health care provider" because they were "employed by" Dr. Daveta Dozier, who would undeniably qualify as a "physician" under the AMLA.[9] However, this Court does not believe that Ms. Waters or Mr. Pritchett were "employed by" Dr. Dozier within the meaning of the AMLA. The Supreme Court of Alabama has held in *Cackowski v. Wal-Mart Stores, Inc.*, 767 So. 2d

---

[7]     See *id.*

[8]     Ala. Code § 6-5-481(8) (emphasis added).

[9]     *See* Ala. Code § 6-5-481(5) (defining "physician").

319, 324-25 (Ala. 2000), that a pharmacist is "employed by" a physician, for the purposes of the AMLA, when the pharmacist dispenses medication prescribed by the physician, because the dispensing of medicine by the pharmacist is "inextricably linked" to the pharmacist's treatment of his patients and the dispensing of drugs is an integral part of the delivery of health care services to the public.[10]

This Court does not believe the alleged failure of Ms. Waters and Mr. Pritchett to effectively monitor Ronald Corkerin is inextricably linked to Dr. Dozier's treatment of patients. If the plaintiff's claim was based on allegations that Ms. Waters had negligently administered the incorrect medication prescribed by Dr. Dozier, then there would be an inextricable link and the AMLA would apply under the reasoning in *Cackowski*. However, despite the fact that it was Dr. Dozier who recommended "medical observation," the alleged failure of Ms. Waters and Mr. Pritchett to monitor Ronald Corkerin is not inextricably linked to Dr. Dozier's treatment of patients. This is because it was Ms. Waters, not Dr. Dozier, who made the decision to place Mr. Corkerin under "constant observation." Ms. Waters had the authority to exercise her judgment to place Mr. Corkerin under any of the various types of observation established by the regulations at Thomasville. Moreover, based on the evidence that has been presented in this case, Ms. Waters had the authority to end the constant observation of Mr. Corkerin at any time at her discretion. Thus, her situation is quite

---

[10]      *See Cackowski v. Wal-Mart Stores, Inc.*, 767 So. 2d 319, 324-25 (Ala. 2000).

4

different from a pharmacist who is required to dispense the medication as prescribed by the physician without broad discretion in how to implement the physician's orders. Consequently, Ms. Waters and Mr. Pritchett are not "other health care providers" and the AMLA does not apply to this case.

DONE this _15th_ day of November, 2007.

_____
CHIEF UNITED STATES DISTRICT JUDGE